UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONALD C. FELDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06 CV 0169 |
| ) | |
| LAPORTE COUNTY JAIL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Ronald Felder, a prisoner confined at the LaPorte County Jail, submitted a complaint under 42 U.S.C. § 1983 alleging that jail officials violated his federally protected rights. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Felder brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Felder names the LaPorte County Jail, and jail officials Captain Buell and Sergeant M. Smutzer as defendants. Section 1983 imposes liability on any "person" who violates an individual's federally-granted rights "under color of state law." But a jail "is not a 'person' — it is not a legal entity to begin with." *Powell v. Cook County Jail,* 814 F.Supp. 757, 758 (N.D. Ill. 1993).

Mr. Felder asserts that defendants Buell and Smutzer violated rights protected by the United States Constitution and also protected by provisions of Indiana's Constitution. But § 1983 deals only with violation of rights secured by the Constitution or laws of the United States. Mr. Felder's claim that the defendants violated provisions of the Indiana constitution states no claim upon which relief can be granted under § 1983. *Baker v. McCollan*, 443 U.S. at 140.

Mr. Felder alleges that defendants Buell and Smutzer denied him access to the courts by denying him access to the jail law library. To establish a violation of the right to

2

access to the courts, an inmate must establish that jail officials failed to provide the assistance required by *Bounds v. Smith,* 430 U.S. 817 (1977), and show that he suffered actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds v. Smith* did not eliminate the actual-injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts). The actual-injury requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an *absolute* deprivation of access to all legal materials" *Lewis v. Casey*, 518 U.S. at 2181 n. 4 (emphasis in original). Standing alone, delay and inconvenience do not rise to the level of a constitutional deficiency. *Campbell v. Miller*, 787 F.2d 217, 229 (7th Cir. 1986), *cert. denied*, 479 U.S. 1019 (1986).

Mr, Felder states that defendants Buell and Smutzer denied him access to the law library because they believed he was being represented by counsel in his criminal proceedings. He asserts that denying him access to the law library because he is represented by counsel "is clearly a violation of the plaintiff's Sixth Amendment right, which guarantees him access to the court. This is also a violation of the Fourteenth Amendment which is guaranteed to all citizens of the United States." (Complaint at p. 3).

Mr. Felder believes that the Constitution guarantees him access to a jail law library to work on his criminal case, even if he is represented by counsel. He is wrong. The fundamental constitutional right of access to the courts requires that prisoners have access to either law libraries or "assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817 (1977). Pre-trial detainees who are without counsel need the tools necessary to prepare their defense, but where a prisoner is represented by counsel, a jail need not also provide him access to legal materials. *See Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir.), *cert.*

3

*denied* 488 U.S. 836 (1988) (affirming dismissal of a pre-trial detainee's claim of lack of access to legal materials because he "was represented by counsel on his criminal charges").

If Mr. Felder was represented by counsel, then the defendants could properly deny him access to a law library. But in his complaint, Mr. Felder asserts that in fact he was not represented by counsel. Indeed, he states that he "waived [his] right to counsel because [he] needed to do legal research on [his] case." (Complaint at p. 5).

Negligent denial of access to the courts states no claim upon which relief may be granted, *Snyder v. Nolen*, 380 F.3d 279, 291 n. 11. (7th Cir. 2004), so if the defendants denied Mr. Felder access to the law library in the mistaken belief that he was represented by counsel, he may not be entitled to any relief. It also may be that Mr. Felder can not establish any actual injury from the denial of access to the law library in the early stages of his criminal prosecution. But "Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), *quoting Hishon v. King & Spalding*, 467 U.S. 69, 73, (1984). Giving him the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that Mr. Felder can prove no set of set of facts consistent with his denial of access to the courts claim against defendants Buell and Smutzer.

Mr. Felder seeks damages from the defendants in both their individual and official capacities. An official capacity damage claim against a municipal official "is not a suit against the official as an individual; the real party in interest is the entity." *Wilson v. Civil Town of Clayton, Indiana*, 839 F.2d 375, 382 (7th Cir. 1988). Municipalities may be held liable for damages under § 1983 if a governmental policy or custom caused the alleged violation

4

of the plaintiff's rights. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). To prevail in an official capacity damage claim, a plaintiff must establish the existence of an official policy or custom by proving the existence of an express municipal policy that caused the alleged violation of his rights, *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 734 (7th Cir. 1994), or by establishing the existence of a practice or custom so widespread or persistent that it rises to the level of a policy which can fairly be attributed to the municipality. *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989).

Exhibit "B" attached to the complaint establishes that the jail's policy is to allow prisoners representing themselves to have access to the facility's law library, which complies with the mandates of *Bounds v. Smith*. The complaint suggests that the defendants believed they were following the policy and denied him access to the law library because they thought that he was represented by counsel. Accordingly, the court will dismiss the official capacity damage claims.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against defendants Buell and Smutzer in their personal capacities for damages and in their official capacities for injunctive relief on his claim that they violated his federally protected rights by denying him access to the jail's law library;

(2) **DISMISSES**, pursuant to 28 U.S.C. § 1915A(b)(1), defendant LaPorte County Jail, the official capacity damage claims against defendants Buell and Smutzer, and all claims other than the claim that defendants Buell and Smutzer violated his federally protected rights by denying him access to the jail's law library;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** defendants Buell and Smutzer to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on defendants Buell and Smutzer, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

**SO ORDERED.**

**Enter**: May 25, 2006

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT